USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/2/08

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LENNARD HAMMERSCHLAG, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., *et al.*,<br><br>Defendants. | Electronically filed<br><br>No. 07 Civ. 10258 (RJS) (JCF)<br><br>ECF Case |
| BENJAMIN NATHANSON, derivatively on behalf of CITIGROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES PRINCE, *et al.*,<br><br>Defendants. | Electronically filed<br><br>No. 07 Civ. 10333 (JSR) (MHD)<br><br>ECF Case |
| SAM COHEN, derivatively and on behalf of CITIGROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP, INC., *et al.*,<br><br>Defendants. | Electronically filed<br><br>No. 07 Civ. 10344 (JSR) (MHD)<br><br>ECF Case |

### DEFENDANTS' MOTION TO REASSIGN RELATED CASES

There are twenty actions pending in this Court relating to Citigroup's exposure to subprime mortgages: thirteen cases alleging violations of the ERISA statute; five shareholder derivative actions; and two complaints alleging securities fraud. Of those twenty cases, seventeen were either: assigned to Judge Stein from the beginning (the *Gray* ERISA action); designated as potentially related to an action pending before Judge Stein (11 ERISA cases and

the *Ryan* derivative case); or reassigned to Judge Stein after initial assignments to other judges (the *Harris* and *Cinotto* derivative actions, the *Saltzman* securities-fraud case, and the *Rose* ERISA action). Defendants bring this motion to transfer or assign the three remaining cases to Judge Stein, such that all these Citigroup subprime matters may be handled by a single judge.[1]

Rule 15 of this Court's Rules for the Division of Business Among District Judges calls for the transfer and coordination of pretrial proceedings in related cases. The *Manual for Complex Litigation* likewise states that "[a]ll pending related cases or cases that may later be filed in the same court . . . should be assigned at least initially to the same judge." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.123.

The three cases that defendants seek to transfer with this motion are closely related to the seventeen other cases that already are either pending before Judge Stein or on their way to him. All twenty involve allegations concerning the management of Citigroup's exposure to subprime mortgages. All twenty also allege a failure by Citigroup to disclose those exposures. *Nathanson* and *Cohen* are shareholder derivative actions, and *Hammerschlag* is a securities-fraud case. Judge Stein has both kinds of cases already before him, in addition to twelve ERISA cases.[2] In light of the common questions of both fact and law here, it would promote the parties' and the

---

[1] The ERISA actions are *Gray v. Citigroup Inc., et al.*, No. 07 Civ. 9790 (SHS) (DCF), *Rose v. Prince, et al.*, No. 07 Civ. 10294 (SHS), *Tranberg v. Citigroup Inc., et al.*, No. 07 Civ. 10341 (SHS), *Rappold v. Citigroup Inc., et al.*, No. 07 Civ. 10396 (SHS), *Tadros v. Citigroup Inc., et al.*, No. 07 Civ. 10442 (SHS), *Fiorino v. Citigroup Inc., et al.*, No. 07 Civ. 10458 (SHS), *Bolla v. Citigroup Inc., et al.*, No. 07 Civ. 10461 (SHS), *Geroulo v. Citigroup Inc., et al.*, No. 07 Civ. 10472 (SHS), *Stevens v. Citigroup Inc., et al.*, No. 07 Civ. 11156 (SHS), *Goldstein v. Citigroup Inc., et al.*, No. 07 Civ. 11158 (SHS), *Southard v. Citigroup Inc., et al.*, No. 07 Civ. 11164 (SHS), *Woodward v. Citigroup Inc., et al.*, No. 07 Civ. 11207 (SHS), and *Brick v. Citigroup Inc., et al.*, No. 07 Civ. 11369 (unassigned but designated as related to *Gray*). The derivative actions are *Harris v. Prince, et al.*, No. 07 Civ. 9841 (SHS) (MHD), *Cinotto v. Prince, et al.*, No. 07 Civ. 9900 (SHS) (MHD), *Nathanson v. Prince, et al.*, No. 07 Civ. 10333 (JSR) (MHD), *Cohen v. Citigroup, Inc., et al.*, No. 07 Civ. 10344 (JSR) (MHD), and *Ryan v. Prince, et al.*, No. 07 Civ. 11581 (unassigned but designated as related to *Harris*). The securities-fraud cases are *Saltzman v. Citigroup Inc., et al.*, No. 07 Civ. 9901 (SHS) (FM), and *Hammerschlag v. Citigroup Inc., et al.*, No. 07 Civ. 10258 (RJS) (JCF).

[2] On December 19, 2007, Judge Stein entered an order (attached at Tab A) establishing a briefing schedule for plaintiffs' motions to appoint lead plaintiffs and lead counsel in the ERISA actions. That order indicates that all the ERISA cases that had been filed as of December 17 are now pending before Judge Stein, although the docket in the *Rose* case, which was initially assigned to Judge Chin, does not yet reflect a transfer to Judge Stein. The December 19 order does not refer to the *Brick* case, which was filed December 18 and designated as related to *Gray*.

Court's interests in efficiency, convenience and consistency for all these subprime cases to be assigned to one judge.

Beyond the obvious logic of having these cases handled by a single judge, there are additional practical considerations favoring reassignment:

- Both the *Nathanson* and *Cohen* derivative actions, which are now pending before Judge Rakoff, were accepted as related to the *Harris* derivative action, which was initially assigned to Judge Rakoff but then reassigned to Judge Stein.

- Transfer of the *Hammerschlag* securities-fraud action to Judge Stein—who now has before him the other subprime securities-fraud case, *Saltzman*, which was transferred from Judge Baer—will facilitate compliance with the procedural requirements of the PSLRA, including the obligation to select lead plaintiffs and lead counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B).

For these reasons, and for the reasons expressed in our letters to the Court dated November 9 and November 15, 2007 (attached at Tabs B and C), defendants respectfully request that these subprime cases be transferred to Judge Stein.

| | |
|---|---|
| Dated: New York, New York<br>December 31, 2007 | WACHTELL, LIPTON, ROSEN & KATZ<br><br>By: *Lawrence B. Pedowitz* /BRW<br>Lawrence B. Pedowitz (LP 9718)<br>George T. Conway III (GC 3181)<br>Jonathan M. Moses (JM 9049)<br>John F. Lynch (JL 6661)<br>51 West 52nd Street<br>New York, New York 10019-6150<br>Telephone: (212) 403-1000<br>Facsimile: (212) 403-2000<br><br>*Attorneys for Citigroup Inc., C. Michael Armstrong, Alain J.P. Belda, George David, Kenneth T. Derr, John M. Deutch, Roberto Hernandez Ramirez, Andrew N. Liveris, Anne M. Mulcahy, Richard D. Parsons, Judith Rodin, Robert E. Rubin, Robert L. Ryan, Franklin A. Thomas, Ann Dibble Jordan, Dudley C. Mecum, and Klaus Kleinfeld*<br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br><br>By: *Brad S. Karp* /BRW<br>Brad S. Karp (BK 3702)<br>Richard A Rosen (RR 5132)<br>Lewis R. Clayton (LC 7207)<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Telephone: (212) 373-3000<br>Facsimile: (212) 492-3990<br><br>*Attorneys for Citigroup Inc., Charles Prince, Winfried Bischoff, Robert Druskin, William R. Rhodes, Sallie L. Krawcheck, David C. Bushnell, Steven J. Freiberg, John C. Gerspach, Michael S. Helfer, Michael Klein, Stephen R. Volk, Lewis B. Kaden, Gary Crittenden, and Thomas G. Maheras* |

[Handwritten annotation:] This matter was previously reassigned to Judge Stein. Accordingly, defendants' motion is dismissed as moot.

SO ORDERED
Date: 1/2/08
RICHARD S. SULLIVAN
J.S.D.J.