## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ ) | |
| TILLIE SALTZMAN, Individually And On Behalf ) | |
| Of All Others Similarly Situated, ) | |
| ) | 07 CV 09901 (SHS) (FM) |
| Plaintiff, ) | |
| ) | CLASS ACTION |
| v. ) | |
| ) | ECF CASE |
| CITIGROUP INC., CHARLES O. PRINCE, ) | |
| ROBERT E. RUBIN, STEPHEN R. VOLK, ) | |
| SALLIE L. KRAWCHECK, GARY L. ) | |
| CRITTENDEN and ROBERT DRUSKIN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| LENNARD HAMMERSCHLAG, Individually ) | |
| And on Behalf of All Others Similarly Situated, ) | |
| ) | 07 CV 10258 (SHS) |
| Plaintiff, ) | |
| v. ) | CLASS ACTION |
| ) | |
| CITIGROUP INC., CHARLES PRINCE, SALLIE ) | |
| KRAWCHECK and GARY CRITTENDEN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DECLARATION OF JOSEPH H. WEISS IN SUPPORT OF THE MOTION OF DAVID
GARDEN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
PURSUANT TO §21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934
AND APPROVAL OF SELECTION OF LEAD COUNSEL**

I, Joseph H. Weiss, hereby declare:

1.      I am a principal of the law firm of Weiss & Lurie.  I submit this Declaration in support of the motion of David Garden for consolidation, appointment as lead plaintiff and approval of selection of Weiss & Lurie as Lead Counsel.

2.      Attached hereto as Exhibit A is a true and correct copy of the notice of pendency published over *Business Wire*, a national, business-oriented news wire service, on November 8, 2007.

3.      Attached hereto as Exhibit B is a true and correct copy of the plaintiff certification executed by David Garden, which demonstrates Movant's class standing and requisite financial interest in the outcome of the litigation.

4.      Attached hereto as Exhibit C is a chart summarizing the relevant transactions of David Garden in Citigroup common stock during the Class Period.

5.      Attached hereto as Exhibit D is a true and correct copy of Weiss & Lurie's firm biography.

Signed under penalty of perjury this 7th day of January 2008.

By: /s/ Joseph H. Weiss_____
     Joseph H. Weiss (JW-4534)
     WEISS & LURIE
     551 Fifth Avenue
     New York, NY 10176
     Tel: (212) 682-3025
     Fax: (212) 682-3010

     **On Behalf of Movant David Garden**

Exhibit A

FOCUS - 1 of 1 DOCUMENT

Copyright 2007 Business Wire, Inc.
Business Wire

**November** 8, 2007 Thursday 9:53 PM GMT

**DISTRIBUTION:** Business Editors; Legal Writers

**LENGTH:** 601 words

**HEADLINE: Coughlin** Stoia Geller Rudman & Robbins LLP Files **Class Action** Suit against **Citigroup** Inc.

**DATELINE:** NEW YORK

**BODY:**

    **Coughlin** Stoia Geller Rudman & Robbins LLP ("**Coughlin** Stoia") (http://www.csgrr.com/cases/citigroup/) today announced that a **class action** has been commenced in the United States District Court for the Southern District of New York on behalf of purchasers of all persons who purchased or otherwise acquired the common stock of Citigroup Inc. ("Citigroup" or the "Company") (NYSE:C) between April 17, 2006, and November 2, 2007 (the "Class Period").

    If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Samuel H. Rudman or David A. Rosenfeld of **Coughlin** Stoia at 800/449-4900 or 619/231-1058, or via e-mail at djr@csgrr.com If you are a member of this class, you can view a copy of the complaint as filed or join this **class action** online athttp://www.csgrr.com/cases/citigroup/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

    The complaint charges Citigroup and certain of its officers and directors with violations of the Securities Exchange Act of 1934. Citigroup is a diversified global financial services holding company whose businesses provide a range of financial services to consumer and corporate customers.

    The complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. The complaint specifically alleges that: (i) Defendants' portfolio of CDOs contained billions of dollars worth of impaired and risky securities, many of which were backed by subprime mortgage loans; (ii) Defendants failed to properly account for highly leveraged loans such as mortgage securities; and (iii) Defendants had failed to record impairment of debt securities which they knew or disregarded were impaired, causing the Company's results to be false and misleading.

    On November 4, 2007, Citigroup announced significant declines in the fair value of $55 billion in the U.S. subprime debt exposure - a revenue decline related to these declines of $8 to $11 billion. Later that day, Citigroup announced the resignation of its then-current Chief Executive Officer ("CEO") and Chairman of the Board of Directors of Citigroup. On this news, Citigroup's stock collapsed to open at $36.00 per share on November 5, 2007, a decline of 5%, from November 2, 2007, and a decline of 25% from October 12, 2007.

    Plaintiff seeks to recover damages on behalf of all purchasers of Citigroup common stock during the Class Period (the "Class"). The plaintiff is represented by **Coughlin** Stoia, which has expertise in prosecuting investor **class actions** and extensive experience in actions involving financial fraud.

    **Coughlin** Stoia, a 180-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston and Philadelphia, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. **Coughlin** Stoia lawyers have been responsible for more than $45 billion in aggregate recoveries. The **Coughlin** Stoia Web site (http://www.csgrr.com) has more information about the firm.

Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit against Citigroup Inc. Business Wire November 8, 2007 Thursday 9:53 PM GMT

CONTACT: **Coughlin** Stoia Geller Rudman & Robbins LLP
Samuel H. Rudman, 800-449-4900
David A. Rosenfeld
djr@csgrr.com

**URL:** http://www.businesswire.com

**LOAD-DATE:** November 9, 2007

Exhibit B

## PLAINTIFF CERTIFICATION

_____DAVID GARDEN_____ ("Plaintiff") hereby states that:

1.      Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.      Plaintiff did not purchase any securities of **Citigroup Inc.** at the direction of his/her counsel or in order to participate in this private action.

3.      Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.   I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification.  I am willing to serve as a lead plaintiff either individually or as part of a group.  A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4.      The following includes all of Plaintiff's transactions in **Citigroup Inc.** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Stock | Purchase | 10/16/07 | 45 | 125,000 |
| Stock | Purchase | 10/16/07 | 44 $^{91}$ | 43,000 |
| Stock | Purchase | 10/16/07 | 44 $^{96}$ | 1000 |
| Stock | Purchase | 10/17/07 | 44.04 | 17,000 |

**Please list other transactions on a separate sheet of paper, if necessary.**   Cont on Next page.

5.      Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _14_ day of _November_, 2007.

_____
Signature

11/14/07          TRANSACTIONS FOR DAVID GARDEN  "C"

| SECURITY | TRANSACTION | DATE | PRICE | QUANTITY |
|---|---|---|---|---|
| STOCK | SOLD | 10/22/07 | 42.44 | 100 |
| STOCK | SOLD | 10/22/07 | 42.43 | 9500 |
| STOCK | SOLD | 10/22/07 | 42.42 | 4400 |
| STOCK | SOLD | 10/22/07 | 42.43 | 700 |
| STOCK | SOLD | 10/22/07 | 42.42 | 9300 |
| STOCK | SOLD | 10/24/07 | 41.80 | 2000 |
| STOCK | SOLD | 10/24/07 | 41.59 | 5000 |
| STOCK | SOLD | 10/25/07 | 41.04 | 5000 |
| STOCK | SOLD | 10/25/07 | 40.63 | 3000 |
| STOCK | SOLD | 10/25/07 | 40.52 | 6900 |
| STOCK | SOLD | 10/25/07 | 40.53 | 100 |
| STOCK | PURCHASE | 10/30/07 | 42.10 | 20000 |

Exhibit C

# Citigroup Inc.

**Movant's Register and Transaction Report**

Page 1 of 1

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gain (Loss) |
|---|---|---|---|---|---|---|---|---|---|
| Garden, David | 10/16/2007 | 100 | $45.0000 | $4,500.00 | 10/22/2007 | 100 | $42.44 | $4,244.00 | ($256.00) |
| | 10/16/2007 | 9,500 | $45.0000 | $427,500.00 | 10/22/2007 | 9,500 | $42.43 | $403,085.00 | ($24,415.00) |
| | 10/16/2007 | 4,400 | $45.0000 | $198,000.00 | 10/22/2007 | 4,400 | $42.42 | $186,648.00 | ($11,352.00) |
| | 10/16/2007 | 700 | $45.0000 | $31,500.00 | 10/22/2007 | 700 | $42.43 | $29,701.00 | ($1,799.00) |
| | 10/16/2007 | 9,300 | $45.0000 | $418,500.00 | 10/22/2007 | 9,300 | $42.42 | $394,506.00 | ($23,994.00) |
| | 10/16/2007 | 2,000 | $45.0000 | $90,000.00 | 10/24/2007 | 2,000 | $41.80 | $83,600.00 | ($6,400.00) |
| | 10/16/2007 | 5,000 | $45.0000 | $225,000.00 | 10/24/2007 | 5,000 | $41.59 | $207,950.00 | ($17,050.00) |
| | 10/16/2007 | 5,000 | $45.0000 | $225,000.00 | 10/25/2007 | 5,000 | $41.04 | $205,200.00 | ($19,800.00) |
| | 10/16/2007 | 3,000 | $45.0000 | $135,000.00 | 10/25/2007 | 3,000 | $40.63 | $121,890.00 | ($13,110.00) |
| | 10/16/2007 | 6,900 | $45.0000 | $310,500.00 | 10/25/2007 | 6,900 | $40.52 | $279,588.00 | ($30,912.00) |
| | 10/16/2007 | 100 | $45.0000 | $4,500.00 | 10/25/2007 | 100 | $40.53 | $4,053.00 | ($447.00) |
| | 10/16/2007 | 79,000 | $45.0000 | $3,555,000.00 | | | | | ($1,016,730.00) |
| | 10/16/2007 | 43,000 | $44.9100 | $1,931,130.00 | | | | | ($549,540.00) |
| | 10/16/2007 | 1,000 | $44.8600 | $44,860.00 | | | | | ($12,730.00) |
| | 10/17/2007 | 17,000 | $44.0400 | $748,680.00 | | | | | ($202,470.00) |
| | 10/30/2007 | 20,000 | $42.1000 | $842,000.00 | | | | | ($199,400.00) |
| **TOTALS:** | | **206,000** | | **$9,191,670.00** | | **46,000** | | **$1,920,465.00** | **($2,130,405.00)** |

**Explanatory notes**

The total estimated damages of each Proposed Lead Plaintiff have been calculated in the following manner:

1) <u>Common stock sold within the Class Period</u>:
   Damages with respect to shares sold within the Class Period have been based upon each proposed lead plaintiff's actual loss. Each Proposed Lead Plaintiff's actual loss has been offset by any gain realized by plaintiff as a result of sales made within the Class Period.

2) <u>Common stock still held</u>:
   Purchase price of Citigroup Inc. common stock still held minus the mean trading price of Citigroup Inc. common stock between November 5, 2007 and January 3, 2008 ($32.13) multiplied by the number of shares held.

3) <u>Common stock sold after the Class Period</u>:
   For shareholders who sold their shares after the end of the Class Period, their actual (non statutory) losses were calculated.

4) All losses have been calculated exclusive of costs, commissions and fees.

Exhibit D

# WEISS & LURIE

The Fred French Building
551 Fifth Avenue
New York, New York 10176
TEL. (212) 682-3025
FAX (212) 682-3010

New York . Los Angeles

## FIRM BIOGRAPHY

The law firm of Weiss & Lurie has offices in New York City and Los Angeles. In courts throughout the United States, the firm has litigated hundreds of stockholder class actions brought for violations of federal securities laws and shareholder class and derivative actions brought for violations of corporate and fiduciary duties. The firm also represents consumers in several class actions in the area of consumer fraud and unfair practices. The firm has served as lead counsel in numerous actions on behalf of defrauded institutions and individuals for whom it has recovered well over a billion dollars.

Numerous courts have commended the firm for its expertise and ability:

In Brody v. U.S. West, et al., No. CV-4142 (D. Colo.), Judge Coughlin observed that the case "was litigated by extremely talented lawyers" and "it took a great deal of skill to get to the point of trial." Referring to the firm, Judge Coughlin stated "there wasn't any other lawyers in the United States that took the gamble that these people did. Not one other firm anywhere said, 'I am willing to take that on'...[the shareholders are] fortunate that they had some lawyers that had the guts to come forward and do it...I had the opportunity to watch these attorneys throughout this period of time when I had this case and the [lawyers'] ability is terrific."

In In re McLeodUSA Inc. Securities Litigation, No. C02-0001-MWB (N.D. Iowa), Chief Judge Mark Bennett stated at the final approval hearing: "I thought you all did a great job in this litigation" and "I think very highly of the work that all the lawyers did in the case, and [I am] pleased that you were able to get it resolved."

WEISS & LURIE

In <u>Ellison v. American Image Motor, et al.</u>, Civil Action No. 97-3608 (S.D.N.Y.), Judge Chin, approving the settlement and fee application, commented that "It has been many years. The case was hard fought, very capable counsel on both sides, and I saw counsel many times. It was a hard fought case. It was a difficult case."... "It's probably not said very often, but in this case I think plaintiffs' counsel are being under paid." ... "Counsel did a great job..."

In <u>In re United Telecommunications, Inc. Securities Litigation</u>, No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In <u>In re VeriFone Inc. Securities Litigation</u>, No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

In <u>In re Western Digital Securities Litigation</u>, SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

In <u>Georgallas v. Martin Color-Fi, Inc.</u> Civil Action No. 6:95-06483 (D.S.C.), Judge Anderson expressed "the utmost respect" for the work of the firm.

In <u>Bash v. Diagnostek</u>, CV 94-794 M (D.N.M.), Judge Black said the case provided "a model for how commercial litigation should be conducted and can be resolved."

In <u>In re National Medical Enterprises Litigation</u>, CV 93-5223-TJH and CV 93-5313-TJH (C.D. Cal.), Judge Hatter summed up the settlement hearing by saying, "I want to again thank counsel for the work that you put into this and hopefully it's a settlement for which the claimants themselves will be appreciative of the results."

WEISS & LURIE

In In re Santa Fe Southern Pacific Corporation, Consold. Civ. No. 9523 (Del. Ch.), Chancellor

Allen of the Delaware Chancery Court approved a settlement and cited the creativity and sophistication

of plaintiffs' counsel.

Some of the actions which highlight the firm's accomplishments are:

## CASES IN WHICH WEISS & LURIE WAS LEAD OR CO-LEAD COUNSEL

Jordan v. California Department of Motor Vehicles (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds, with interest, to 1.7 million motorists.

In re Geodyne Resources, Inc. Securities Litigation (Harris Cty. Tex.): A recovery (including related litigation) totaling over $200 million was obtained for the class.

Freddie Mac Derivative Litigation (S.D.N.Y.): Approximately $100 million was recovered for the Company and significant corporate governance measures were adopted.

Brody v. U.S. West, et al., (D. Colo.): A recovery of $50 million was obtained for the class.

In re Tenneco Securities Litigation (D. Tex.): A recovery of $50 million was obtained for the class.

In re Community Psychiatric Center Securities Litigation (C.D. Cal.): A recovery of $42.5 million was obtained for the class.

In re Crazy Eddie Securities Litigation (S.D.N.Y.): A recovery of $42 million was obtained for the class.

In re Apria Healthcare Group Securities Litigation (Orange County Cal.): A recovery of $42 million was obtained for the class.

In re Canon Group Securities Litigation (C.D. Cal.): A recovery of $33 million was obtained for the class.

In re Platinum Software Securities Litigation (C.D. Cal.): A recovery of $32 million was obtained for the class.

In re McLeodUSA Inc. Securities Litigation, (N.D. Iowa): A recovery of $30 million was obtained for the class.

In re United Telecommunications Securities Litigation (D. Kan.): A recovery of $28 million was obtained for the class.

In re Bergen Brunswig Corp. Sec. Litig., (C.D. Cal.): A recovery of $27.9 million was obtained for the class.

3

**WEISS & LURIE**

In re Bank of New York Derivative Litigation (Sup. Ct. NY): A recovery of $26.5 million was obtained for the Company and significant corporate governance measures were adopted.

In re FirstEnergy Shareholder Derivative Litigation (N.D. Ohio): A recovery of $25 million was obtained for the Company and significant corporate governance measures were adopted.

In re Vodafone Group, PLC Securities Litigation (S.D.N.Y.): A recovery of $24.5 million was obtained for the class.

In re Abbey Healthcare Securities Litigation (C.D. Cal.): A recovery of $20.5 million was obtained for the class.

Feinberg v. Hibernia Corp. (D. La.): A recovery of $20 million was obtained for the class.

In re Southern Pacific Funding Corp. Sec. Litig., (D. Or.): A recovery of $19.5 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $18 million was obtained for the class.

In re MK Rail Securities Litigation (D. Idaho):  A recovery of $14.65 million was obtained for the class.

In re California Microwave Securities Litigation (N.D. Cal.): A recovery of $14 million was obtained for the class.

In re KeySpan Corporation Securities Litigation (E.D.N.Y.): A recovery of $13.75 million was obtained for the class.

In re Elscint Ltd Securities Litigation (D. Mass.): A recovery of $12 million was obtained for the class.

Bash v. Diagnostek (D.N.M.): A recovery of $11.7 million was obtained for the class.

In re Megafoods Securities Litigation (D. Ariz.): A recovery of $12 million was obtained for the class.

In re GTECH Securities Litigation (D.R.I.): A recovery of $10.25 million was obtained for the class.

In re Complete Management, Inc. Securities Litigation (S.D.N.Y.): A recovery of $10.15 million was obtained for the class.

Berlinsky v. Alcatel (S.D.N.Y.): A recovery of $8.8 million was obtained for the class.

Lopez v. Checkers Drive-In Restaurants, Inc. (M.D. Fl.): A recovery of over $8.175 million was obtained for the class.

In re Mesa Airlines Securities Litigation (D.N.M.): A recovery of $8 million was obtained for the class.

In re Resound Securities Litigation (N.D. Cal.): A recovery of $8 million was obtained for the class.

4

WEISS & LURIE

In re Castle Energy Corp. Securities Litigation (C.D. Cal.) A recovery of $7.5 million was obtained for the class.

In re Western Digital, Inc. Securities Litigation (C.D. Cal.): A recovery of $6.75 million was obtained for the class.

In re Circle K Securities Litigation (D. Ariz.): A recovery of $6 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $5.55 million was obtained for the class.

In re Ascend Communications Securities Litigation (C.D. Cal.): A recovery of $5.45 million was obtained for the class.

In re Southmark Securities Litigation (D. Tex.): A recovery of $5 million was obtained for the class.

In re WCT Securities Litigation (C.D. Cal.): A recovery of $5 million was obtained for the class.

In re Sumitomo Bank of California Securities Litigation (San Francisco Sup. Ct.): A recovery of $4.95 million was obtained for the class.

In re NextLevel Systems, Inc. Securities Litigation (N.D. Ill.): A recovery of $4.6 million was obtained for the class.

In re Shopping.com Securities Litigation (C.D. Cal.): A recovery of $4.5 million was obtained for the class.

In re Denver Bonds Securities Litigation (D. Colo.): A recovery of $4.5 million was obtained for the class.

In re Molecular Dynamics, Inc. Securities Litigation (N.D. Cal.): A recovery of $4 million was obtained for the class.

In re Party City Corp. Securities Litigation (D.N.J.): A recovery of $3.8 million was obtained for the class.

In re Iwerks Securities Litigation (C.D. Cal.): A recovery of approximately $3.5 million was obtained for the class.

In re Davstar, Inc. Securities Litigation (C.D. Cal.): A recovery of $3.4 million was obtained for the class.

In re Trident Securities Litigation (N.D. Cal.): A recovery of $3.15 million was obtained for the class.

In re Twinlab Corp. Securities Litigation (E.D.N.Y.): A recovery of $3 million was obtained for the class.

**WEISS & LURIE**

<u>In re Offshore Pipelines Securities Litigation</u> (S.D.N.Y.): A recovery of $3 million was obtained for the class.

<u>Gorga v. Uniroyal Chemical Corp.</u> (Sup. Ct. Conn.): A recovery of $3 million was obtained for the class.

<u>In re Amylin Pharms. Securities Litigation</u> (S.D. Cal.):  A recovery of $2.1 million was obtained for class.

**CLASS AND DERIVATIVE ACTIONS HANDLED BY WEISS & LURIE WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS**

<u>In re Santa Fe Southern Pacific Corporation</u> (Del. Ch.).

<u>In re Genentech Shareholder Litigation</u> (N.D. Cal.).

<u>In re Beverly Enterprises Shareholder Litigation</u> (Del. Ch.).

<u>In re Tandon Computer Shareholder Litigation</u> (C.D. Cal.).

<u>In re Sears Shareholder Litigation</u> (D. Ill.).

<u>In re Xoma Shareholder Litigation</u> (N.D. Cal.).

<u>In re Castle Energy Corp. Shareholder Litigation</u> (C.D. Cal.).

<u>In re Times-Mirror, Inc. Shareholder Litigation</u> (C.D. Cal.).

<u>In re Lockheed Corp. Shareholder Litigation</u> (C.D. Cal.).

<u>In re Nexgen Securities Litigation</u> (N.D. Cal.).

<u>In re GT Greater Europe Securities Litigation</u> (N.D. Cal.).

<u>In re Pairgain Securities Litigation</u> (S.D. Cal.).

<u>In re AMI Securities Litigation</u> (L.A. Superior).

<u>Wallace v. Fox, et al. (Northeast Utilities)</u> (D. Conn.).

WEISS & LURIE

## BRIEF BIOGRAPHIES OF WEISS & LURIE ATTORNEYS

**JOSEPH H. WEISS** is a 1972 graduate of Columbia University Law School, where he was an editor of the Law Review. He is also a 1972 graduate of Columbia University Graduate School of Business from which he obtained a Masters in Business Administration. Mr. Weiss is a member of the Bar of the State of New York and is admitted to practice in the Southern District of New York, the Eastern District of New York, the Courts of Appeal for the First, Second, Third, Ninth and Federal Circuits, and has been admitted to practice in numerous other federal and state courts. He specializes in prosecuting class and derivative actions throughout the United States and has been appointed lead counsel and successfully concluded numerous such actions.

**JORDAN L. LURIE** is a partner in the Los Angeles office. Mr. Lurie received his law degree in 1987 from the University of Southern California Law Center where he was Notes Editor of the University of Southern California Law Review. He received his undergraduate degree from Yale University in 1984 (*cum laude*). Mr. Lurie has participated in all aspects of class actions. Mr. Lurie is the co-author of "Postponing a Municipal Court Election: The November Election Provision of Government Code Section 71180(b)," California Courts Commentary, November 1989; co-author of "Chapter 54 - Consent Judgment" and "Chapter 55 - Submitted Case," Civil Procedure Before Trial (1990), published by California Continuing Education of the Bar; and author of "Rx for Pharmacy Malpractice: California's New Duty to Consult," CEB Civil Litigation Reporter, December 1991.

Mr. Lurie also has been a featured speaker at California Mandatory Continuing Legal Education seminars regarding securities fraud and class actions. Mr. Lurie is a member of the State Bar of California and is admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California.

**MOSHE BALSAM** is a senior associate in the New York office. He graduated from Brooklyn Law School in 1981 with a specialty in securities law. He was admitted to the New York State Bar in

WEISS & LURIE

1982. Mr. Balsam is also a member of the bars of the United States District Courts for the Southern and Eastern Districts of New York and has been admitted to practice before various other state and federal courts. He has participated in all aspects of numerous class action and shareholder derivative cases.

**DAVID C. KATZ** is a senior associate in the New York office. He is a 1988 Graduate of Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York. He is experienced in all aspects of securities class and derivative litigation at both the trial and appellate level, and leads the firm's efforts devoted to enhancing corporate governance.

**JOSEPH D. COHEN** is a senior associate in the New York office. He graduated from Case Western Reserve University School of Law in May 1989, where he received an award for excellence in Business Law. He received an LL.M in Corporate law from New York University in 1990. Mr. Cohen has co-authored several articles: "Mitsubishi and Shearson: A Misplaced Trust in Arbitration," New England Business Law Journal, 1990; "The Effects of Tax Reform on Golden Parachutes," North Atlantic Regional Business Law Review, August 1988; "Dual Class Common Stock and Its Effects on Shareholders and Legislators," American Business Law Association National Proceedings, August 1988.

Mr. Cohen is admitted to the State Bars of California and Rhode Island, as well as the District of Columbia and the United States District Courts for the Central, Southern and Northern Districts of California.

**JAMES E. TULLMAN** is an associate in the New York office. He graduated from the University of Delaware (B.A., 1988), and The Jacob D. Fuchsburg Law Center of Touro College (J.D., 1991), where he was an editor of the Journal of the Suffolk Academy of Law, Touro College, 1990-1991. Mr. Tullman is admitted to the state bars of Connecticut, New York, and California, as well as the United States District Courts for the Southern and Eastern Districts of New York, the Northern, Central and Southern Districts of California, and the United States Court of Appeal for the Ninth and Third Circuit.

8

WEISS & LURIE

**RICHARD A. ACOCELLI** is an associate in the New York Office. He received his law degree in 1990 from St. John's University School of Law. He is admitted to the State Bar of New York and the United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Michigan.

**JACK I. ZWICK** is an associate in the New York Office. He received his law degree in 1993 from Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York.

**LEIGH A. PARKER** is an associate in the Los Angeles office. She graduated from Indiana University (B.A. 1981), received her M.B.A. from the American Graduate School of International Management in 1982 and graduated from Loyola Law School in 1993, where she was a member of the Scott Moot Court Honors Board. She is admitted to the Bar of the State of California and the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals.

**MARK D. SMILOW** is an associate in the New York office. He graduated Benjamin N. Cardozo School of Law in 1993, *magna cum laude*, where he was a member of the Cardozo Law Review. He is admitted to the New York and New Jersey State Bars, and the United States District Courts for the Southern and Eastern Districts of New York. He has also been admitted in other courts throughout the nation for particular cases. He has litigated all aspects of numerous class, shareholder, derivative and consumer class actions in both trial and appellate courts.

**ZEV B. ZYSMAN** is an associate in the Los Angeles office. He graduated from the University of Southern California (B.A. 1991), and received his law degree from the University of California, Hastings College of the Law (J.D. 1994). Mr. Zysman is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

WEISS & LURIE

**JULIA J. SUN** is a junior associate in the New York office. She received her B.A. in Political Science from Barnard College, Columbia University in 1998 and her J.D. from Brooklyn Law School in 2003. Ms. Sun is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**ILYA NUZOV** is a junior associate in the New York office. He received his B.S. in Finance from Rutgers University in 2001 and his J.D. from Brooklyn Law School in 2004. During law school, Mr. Nuzov worked at the State of New Jersey Office of the Attorney General, Bureau of Securities. Mr. Nuzov is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**JOSHUA M. RUBIN** is a junior associate in the New York office. He received a Bachelor of Talmudic Law from Ner Israel Rabbinical College in 2002 and his J.D. from Benjamin N. Cardozo School of Law in 2005. Mr. Rubin is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. He is also an arbitrator qualified by the New York State Dispute Resolution Association and an emergency medical technician.